IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

City of Jackson, Ohio, :
    Plaintiff, :
  v. : Case No. 2:09-cv-438
US Rail Corporation, : MAGISTRATE JUDGE KEMP
    Defendant. :

OPINION AND ORDER

I. Introduction

Plaintiff, the City of Jackson, Ohio, filed this action in the Jackson County Court of Common Pleas on March 10, 2009. The City's complaint asserted that the City had leased certain property to The Great Miami & Scioto Railway Company for purposes of operating a short line railroad. However, defendant US Rail Corporation now claims to be the lessee pursuant to an agreement which the City characterizes as a "complete transfer of ownership" and therefore "an assignment of rights under the [Short Line] Agreement." Complaint, ¶5. Because the agreement prohibited such an assignment, the City claims that the property should revert to its ownership. The four counts of the complaint seek a declaratory judgment to that effect, damages for an alleged conversion of iron rail owned by the City, an accounting for railroad ties and other property used to operate the railroad, and for unpaid lease payments.

Shortly after the case was filed, the City moved for the appointment of a receiver, and the state court held hearings on that issue. Almost a month later, the City obtained formal service of the complaint on US Rail. US Rail removed the case to this Court within thirty days of that date. The removal petition asserts that the claim for the appointment of a receiver over

railroad property "is completely preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. sections 10101 et seq.," and that the Act vested exclusive jurisdiction in the Surface Transportation Board to determine matters relating to the operation of spur, industrial, team, switching, or side tracks.  US Rail contends that because any local laws on this issue are completely preempted by federal law, removal is proper based on federal question jurisdiction.  The City disagrees and has moved for remand.  For the following reasons, the Court concludes that it lacks jurisdiction over this case and that a remand to the Jackson County Common Pleas Court is necessary.

II. <u>Analysis</u>

The City advances four arguments in favor of remand: that the complaint does not state a federal claim of any kind because it does not contain a request for a receiver (the only federal law claim identified in the removal petition); that federal law does not completely preempt that claim; that the removal petition was not timely filed; and that, even if removal was proper, the Court should exercise its discretion to remand the case now that the City has dismissed its request to have a receiver appointed.  In response, US Rail argues that not only the request for a receiver, but the entire first claim for relief, is preempted by federal law, so that the case still involves a federal question over which the Court has jurisdiction.  It also disputes that the removal petition was untimely, noting that it removed the case less than thirty days after it was formally served with the complaint and summons in state court.  For the following reasons, the Court agrees that remand is required because this Court has no jurisdiction over any claim which is pleaded in the City's complaint.

The removal petition predicates the right to remove, at

least in part, on 28 U.S.C. §1441(a), which reads as follows:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

As the plain language of this section states, only those cases "of which the district courts ... have original jurisdiction" may be removed. Thus, the Court's inquiry begins (and, as it turns out, ends) with the question of whether this Court has original jurisdiction over the City's complaint.

The complaint appears to set forth only state law claims. The usual rule for evaluating such a complaint is that the plaintiff is the "master of the complaint" and may plead only state law claims even if the same facts would support causes of action based on federal law. See Gully v. First National Bank, 299 U.S. 109 (1936). In some instances, however, where federal law so completely preempts state law causes of action that any such claims are necessarily converted to ones which arise under federal law, a complaint which states on its face only state law claims may be removed on the basis of federal question jurisdiction. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). US Rail appears to argue that this is such a case.

The complete preemption rule set forth in Taylor and similar decisions applies only where the preemptive force of federal law converts a claim pleaded under state law into a federal law claim over which the district courts have original jurisdiction. See, e.g., BLAB T.V. v. Comcast Cable Communications, 182 F.3d 851, 857 (11th Cir. 1999) (inquiry in such cases is "'whether Congress ... intended to grant a defendant the ability to remove the

adjudication of the cause of action to a federal court by transforming the state cause of action into a federal [one]'", citing Arthur R. Miller, Artful Pleading: A Doctrine in Search of a Definition, 76 Tex.L.Rev. 1781, 1797-98 (June 1998)).  Where the issue is whether a state law claims asserted in the complaint is completely preempted by federal law because a federal agency allegedly has exclusive jurisdiction over the claim, however, the case is not removable.  Rather, the state courts must be given the opportunity to decide the preemption issue.  See Alongi v. Ford Motor Co., 386 F.3d 716, 723 (6th Cir. 2004) (a claim of agency preemption "does *not* provide a basis for removal to federal court"), citing Int'l Longshoreman's Ass'n v. Davis, 476 U.S. 380, 393 (1986); see also Bolden v. Healthspring of Ala., 2007 WL 4403588 (S.D. Ala. Oct. 2, 2007) (lack of Congressional intent to create federal remedy to replace preempted state law claim precludes removal).

The Court recognizes that there is some room for disagreement about whether the Surface Transportation Board actually has exclusive jurisdiction either over a declaratory judgment action dealing with the operation of a rail line or a request for a receiver over that rail line's operation.  However, it does not matter which side of that argument is the more persuasive.  As to that issue, one of two conclusions can be reached here.  Either the state law claims at issue here are not completely preempted, in which case the complaint does not state a federal law claim, or those claims are preempted because of exclusive federal agency jurisdiction over the remedies sought, in which case this Court does not have original jurisdiction over the claims.  Either way, there is no basis for removal, and any preemption defense raised by US Rail must be determined by the state court.  Consequently, this action was improperly removed and must be remanded to the Court of Common Pleas of Jackson

County, Ohio.

## III. Disposition

For the foregoing reasons, the City of Jackson's motion to remand (#13) is granted. This case is remanded to the Court of Common Pleas of Jackson County, Ohio.

/s/ Terence P. Kemp
United States Magistrate Judge